# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CHAD COOPER AND TARA COOPER, a/k/a TARA CHAMBERS, n/k/a TARA RAGGIO,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff Principal Life Insurance Company ("Principal") sues defendant Chad Cooper ("Chad") and defendant Tara Cooper, a/k/a Tara Chambers, n/k/a Tara Raggio ("Tara") (collectively, "Defendants"), and alleges and states as follows:

## I.   PARTIES

1. Principal is a corporation organized under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa.

2. Upon information and belief, Eric Cooper ("Decedent"), at the time of his death, resided in either Tampa, Florida, or Urbandale, Iowa, and Decedent was a resident of either Florida or Iowa.

3. Upon information and belief, Tara was, at the time of Decedent's death, legally married to Decedent.

4. Upon information and belief, Tara is a resident of Clive, Iowa, and is a citizen of the State of Iowa.

5. Upon information and belief, Chad was, at the time of Decedent's death, Decedent's brother.

6. Upon information and belief, Chad is a resident of Smyrna, Georgia and is a citizen of the State of Georgia.

7. Upon information and belief, Decedent's estate is being opened or has been opened in the State of Florida.

## II.   JURISDICTION

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1335 because this is an interpleader action in which two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. §1332, have claimed to be entitled to more than $500 in money which Principal possesses. More specifically, Tara (a citizen of the State of Iowa) and Chad (a citizen of the State of Georgia) are adverse claimants of diverse citizenship who have claimed to be entitled to more than $500 in money which Principal possesses.

9. Further, this is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1397 and 28 U.S.C. §1391(b) because one or more of the Defendants resides in this District. More specifically, Tara resides in this District.

## III.   FACTUAL ALLEGATIONS

**Policy Numbers 4628025 and 4629289[1]**

11. On or about August 13, 2008 Decedent applied to Principal for $500,000.00 in term life insurance. A copy of this application is attached as Exhibit A.

---

[1] The policy numbers changed from the time of application to the time each policy was issued.

12. On or about September 19, 2008, Decedent applied to Principal for $1,250,000.00 in term life insurance. A copy of this application is attached as Exhibit B.

13. Principal approved Decedent's application for $500,000.00 in term life insurance and issued life insurance policy number 4629289 ("Policy 4629289") to Decedent with an effective date of June 17, 2008. *See* Exhibit A.

14. Principal approved Decedent's application for $1,250,000 in term life insurance and issued life insurance policy number 4628025 ("Policy 4628025") to Decedent with an effective date of June 17, 2008. *See* Exhibit B.

15. Pursuant to Policy 4629289, Decedent was insured for $500,000.00 for a 30-year term. *See* Exhibit A.

16. Pursuant to Policy 4628025, Decedent was insured for $1,250,000.00 for a 20-year term. *See* Exhibit B.

17. The proceeds of Policy 4629289 and Policy 4628025 (collectively, "the Policies") are referred to herein collectively as "the Benefits."

18. Pursuant to the terms of the Policies, the Benefits became payable to the proper beneficiary for each policy upon Decedent's death. *See* Exhibits A and B.

19. Pursuant to his applications for life insurance for the Policies, Decedent named Tara Cooper as the primary beneficiary of both Policies. *See* Exhibits A and B.

20. Pursuant to his applications for life insurance for the Policies, Decedent named Chad Michael Cooper as the contingent beneficiary of both Policies. *See* Exhibits A and B.

21. On or about August 28, 2019, Decedent submitted a Beneficiary Change Form naming Chad Michael Cooper as his Primary Beneficiary for Policy 4629289 and Policy

4628025.  A copy of the Beneficiary Change Form is attached as Exhibit C.  No contingent beneficiary was named.

**The Dispute**

1. On or about October 20, 2019, Decedent died.

2. On or about November 22, 2019, Principal received a letter from Chad in which he contended that either he or Decedent's estate may have a claim for the Benefits under both Policies.  A copy of the letter and its contents is attached as Exhibit D.

3. The Stipulation and Agreement for Decree of Separate Maintenance provided to Principal by Chad states, in part, as follows:

> **Life Insurance.**  That [Decedent] shall maintain a life insurance policy naming [Tara] as beneficiary for so long as he is obligated to pay the property settlement obligations in this Stipulation and Agreement to Petitioner and shall ensure that said life insurance coverage is sufficient to cover any remaining unpaid property settlement.

*See* Exhibit D, p. 10.

4. Principal received a call from Tara on or about November 18, 2019, wherein Tara represented that she may have claims for partial payment of benefits from the Policies based on the Stipulation and Agreement for Decree of Separate Maintenance.

5. Principal received an email from Chad on March 3, 2020, wherein Chad represented that he believes Tara has been paid in full pursuant to the Stipulation and Agreement for Decree of Separate Maintenance, and therefore no partial payment to Tara from the Benefits is warranted.  A copy of the email and attachments are attached as Exhibit E.

6. Principal cannot determine which of the Defendants a Court would find is entitled to a share of the Benefits without risking potential exposure to multiple liabilities.

7. Consequently, conflicting issues of fact and law exist as to the proper beneficiary of the Benefits and Principal has, therefore, been unable to determine who is entitled to the Benefits.

8. Principal is now, and at all times has been, ready and willing to pay the Benefits to the party legally entitled to them.

9. Principal is merely a stakeholder and claims no beneficial interest in the Benefits, except for the recovery of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

10. Principal cannot determine the proper beneficiary of the Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

**WHEREFORE,** Plaintiff Principal Life Insurance Company respectfully requests that the Court:

A. Permit Principal to pay the Benefits, plus any applicable interest, into the registry of this Court;

B. Order Defendants to answer and present their claims to the Benefits;

C. Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Principal for the recovery of the Benefits, plus any applicable interest or any portion thereof;

D. Dismiss Principal with prejudice from this action, and discharge Principal from any further liability upon payment of the Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

6

    E.    Permit Principal to recover its costs and attorney's fees in connection with this action; and

    F.    Order such other and further relief as this Court deems just and proper.

/s/Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa 50309
Telephone:   (515) 283-8187
Facsimile:   (515) 283-8045
E-mail:   lcbehaunek@nyemaster.com

ATTORNEYS FOR PLAINTIFF
PRINCIPAL LIFE INSURANCE
COMPANY